IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SEMERE TSEHAYE, )<br>AHFEROM GOITOM, and )<br>A&S TAX SERVICES, LLC, )<br>)<br>Defendants. )<br>)<br>_____) | Case No. 12-2183-JWL |

## **MEMORANDUM AND ORDER**

The matter is presently before the Court on the motion by defendants Semere Tsehaye and A&S Tax Services, LLC ("A&S") for a transfer of venue (Doc. # 12). For the reasons set forth below, the Court **denies** the motion.[1]

In its complaint, plaintiff United States of America alleges that defendant Semere Tsehaye owns defendant A&S, a Missouri limited liability company, which in turn operates five Instant Tax Service franchises in Kansas City, Missouri, and one such franchise in Kansas City, Kansas; that the Kansas location is managed by Mr. Tsehaye's brother, defendant Ahferom Goitom; and that defendants prepared false and fraudulent federal tax returns for customers. By this suit, plaintiff seeks to enjoin defendants from

---

[1]The Court concludes that this motion may readily be decided on the basis of the parties' written submissions; therefore, the Court denies these defendants' separate motion for oral argument (Doc. # 14).

engaging in certain conduct, including the preparation of federal tax returns, pursuant to 26 U.S.C. §§ 7402, 7407, 7408. Originally, plaintiff also named as a defendant ERI Enterprises, LLC ("ERI"), a company owned by Mr. Tsehaye that operates 14 Instant Tax Service franchises in the St. Louis area, but plaintiff has voluntarily dismissed its claims against ERI.

Pursuant to 28 U.S.C. § 1404(a), Mr. Tsehaye and A&S ("movants") seek a transfer of venue to the United States District Court for the Eastern District of Missouri. Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.* In this case, the parties do not dispute that the action could have been brought originally in the Eastern District of Missouri. In considering a motion under Section 1404(a), the Court must consider the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mutual Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of

establishing that the existing forum is inconvenient." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt*, 956 F.2d at 966). The Court thus considers the relevant factors.

1. Plaintiff's Choice of Forum

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Id.* at 1167-68 (quoting *Scheidt*, 956 F.2d at 965). The plaintiff's choice of forum does receive less deference if the plaintiff does not reside in the district or if the facts underlying the suit have no significant connection to the chosen forum. *See id.* at 1168 (citations omitted). In this case, the plaintiff is the federal government, which does not reside in Kansas in the usual sense of the word. Nevertheless, the case does arise from actions occurring, at least in part, in Kansas. Therefore, this factor weighs somewhat against transfer. *See id.*

2. Accessibility of Witnesses

The Tenth Circuit has applied the second factor as follows:

The convenience of witnesses is the most important factor in deciding a motion under § 1404(a). To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.

*Id.* at 1169 (citations and internal quotations omitted).

Movants argue that having the trial in the Eastern District of Missouri would be

more convenient for the individual defendants (who reside in the St. Louis area and the Chicago area, respectively) and for customers and past and present employees residing in the St. Louis area. Movants base the latter argument on the fact that the majority of returns prepared by ERI and A&S were for customers of ERI in the St. Louis area. It is true that the case against Mr. Tsehaye could be based on returns prepared in both the St. Louis area and the Kansas City area; however, the dismissal of ERI from the case suggests that the litigation will likely focus on defendants' actions in the Kansas City area, a notion supported by the complaint, as a majority of the specific returns discussed in the complaint were prepared in the Kansas City area. Thus, changing the forum would merely shift the inconvenience from those witnesses in the St. Louis area to those in the Kansas City area, who would not be subject to compulsory process in the Eastern District of Missouri. Moreover, movants have not identified any particular St. Louis-area witnesses (other than Mr. Tsehaye), indicated the materiality of their testimony, or shown that such witnesses would not attend trial in this Court and could not satisfactorily provide their testimony by deposition. Thus, movants have not made the showing under this factor required by the Tenth Circuit. Accordingly, this factor weighs against transfer in this case.

   3. <u>Costs of Making the Necessary Proof</u>

Movants note that both their counsel and counsel for Mr. Goitom are located in the St. Louis area. Movants have not provided any evidence of the relative cost of litigating this case in this forum. Accordingly, the Court cannot weigh this factor in

favor of transfer. *See id.* at 1169.

### 4. Enforceability of a Judgment

Movants have not identified any potential problem with the enforceability of a judgment obtained in this Court. Thus, this factor does not weigh in favor of transfer.

### 5. Relative Advantages and Obstacles to a Fair Trial

Movants have not identified any way in which the likelihood of a fair trial in this case relates to the particular forum. Thus, this factor does not weigh in favor of transfer.

### 6. Difficulties from Congested Dockets

Plaintiff has noted that dockets are more congested in the Eastern District of Missouri. Thus, this factor weighs somewhat against transfer.

### 7. Conflict of Laws and Questions of Local Law

Movants have not identified any potential issue of conflict of laws or any question of local law that would be better decided by a court in the Eastern District of Missouri. Movants suggest that Eighth Circuit law should control in this case because the majority of events took place in Missouri; as noted above, however, the case also involves events occurring in Kansas, and movants concede that they know of no relevant differences in the laws of the Eighth and Tenth Circuits. The Court concludes that this factor does not weigh in favor of transfer in this case.

### 8. Other Considerations

Movants argue that, if ERI is no longer a defendant, the case should be litigated in the Eastern District of Missouri, where claims will likely be brought against ERI, so

5

that all of the claims may be litigated together. The Court is not aware of any action having been initiated against ERI in the Eastern District of Missouri, however. Thus, any consideration of issues relating to consolidation would be premature. Movants have not shown that the claims against the remaining defendants may not be pursued in ERI's absence.

9. Summary

Movants have not shown that litigating the case in the Eastern District of Missouri would be more convenient to witnesses than litigating the case here. Nor do the other relevant factors favor transfer in this case. Accordingly, the Court denies the motion for transfer of venue.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by defendants Semere Tsehaye and A&S Tax Services, LLC for transfer of venue (Doc. # 12) is denied. Those defendants' motion for oral argument (Doc. # 14) is also denied.

IT IS SO ORDERED.

Dated this 3rd day of July, 2012, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6